## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20150-CIV-UNGARO

SUYAPA TURCIOS,

     Plaintiff,

vs.

DELICIAS HISPANAS CORP.,
PATRICIA ORTEGA,

     Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed August 10, 2007, (D.E. 18), upon remand by the Eleventh Circuit, entered April 29, 2008. Plaintiff filed her response on August 21, 2007. (D.E. 20.) Also before the Court is Plaintiff's Motion for Partial Summary Judgment, filed August 2, 2007. (D.E. 17.) Defendants filed their response on August 24, 2007, (D.E. 22), to which Plaintiff replied on August 30, 2007. (D.E. 24.) By Order of the Eleventh Circuit, Defendants' motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56, and shall hereinafter be referred to as Defendant's Motion for Summary Judgment. Pursuant to this Court's May 5, 2008 Summary Judgment Notice, Plaintiff filed her additional material pertinent to a motion for summary judgment on May 29, 2008. The matters are ripe for disposition.

THE COURT has considered the motions, the pertinent portions of the record and is otherwise fully advised in the premises.

This is an action arising under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. On January 19, 2007, Plaintiff filed her Complaint against Defendants, alleging FLSA

violations and seeking unpaid overtime compensation, 29 U.S.C. § 207, minimum wages, 29

U.S.C. § 206, liquidated damages, and attorneys' fees, 29 U.S.C. § 216(b).  (Compl. at 1-3.)

Under the FLSA overtime provision, § 207(a), the plaintiff employee must prove that she

was either (1) "engaged in commerce or in the production of goods for commerce," (individual

coverage) or (2) "employed in an enterprise engaged in commerce or in the production of goods

for commerce" (enterprise coverage).  29 U.S.C. § 207(a)(1).  The minimum wage provision, §

206, likewise requires the plaintiff employee to prove one of these two conditions.  29 U.S.C. §

206(a).  The FLSA defines the phrase "[e]nterprise engaged in commerce or in the production of

goods for commerce" as an enterprise that (1) has two or more employees engaged in commerce

or in the production of goods for commerce or has employees "handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce . . .," and (2)

has an "annual gross volume of sales made or business done" of "not less than $500,000 . . . ."

29 U.S.C. § 203(s)(1)(A).

Defendants argue that Plaintiff cannot meet her burden of proving either individual

coverage or enterprise coverage, whereas Plaintiff argues that she has met her burden of

demonstrating both individual coverage and enterprise coverage under the FLSA.

Summary judgment is authorized only when the moving party meets its burden of

demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  When

determining whether the moving party has met this burden, the court must view the evidence and

all factual inferences in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress

& Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of

the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party.

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

*Liberty Lobby, Inc.*, 477 U.S. at 255.

Applying the standards applicable under Rule 56 of the Federal Rules of Civil Procedure, the Court finds that there are genuine issues of material fact as to the issues of whether Defendant Delicias Hispanas was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, and whether Plaintiff was entitled to minimum wage and overtime compensation.  In reaching this determination, the Court notes the following evidence in the record: (1) Plaintiff's sworn affidavit that Defendant Patricia Ortega admitted to her that the restaurant earned more than $10,000 weekly; (2) Delicias Hispanas was operated as a cash-only restaurant with no documentation of its gross revenue; (3) Delicias Hispanas's 2006 tax return indicates that the restaurant had gross receipts of $79,168, which suggests an approximate weekly gross revenue of $1500; (4) the 2006 tax return indicates that the restaurant operated at a net loss of $6,761, but does not include cost of labor in the cost of goods sold, suggesting an even greater net loss than reported; (5) Turcio's weekly salary for 80 hours of work was $700, almost half the restaurant's estimated weekly gross receipts; (6) the restaurant employed at least two waitresses; and (7) the restaurant contained between fifteen and twenty tables, was open seven days a week from 8:00 am until at least 10:00 pm, and served breakfast, lunch, and dinner.  Because genuine issues of material fact exist as to the issues of whether Defendant Delicias Hispanas was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, and whether Plaintiff was entitled to minimum wage and overtime compensation, entry of summary judgment is not appropriate. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of June, 2008.

4

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

5