UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20150-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

SUYAPA TURCIOS,

 Plaintiff,

v.

DELICIAS HISPANAS CORP., et al.,

 Defendants.
_____/

<u>ORDER DENYING MOTION TO STRIKE</u>

 Presently pending before the Court is Plaintiff's Motion to Strike Witnesses (DE # 55). This motion is fully briefed (DE ## 57-58). Based upon a thorough review of the record as a whole and for the reasons stated herein, Plaintiff's Motion is DENIED.

 I. <u>BACKGROUND</u>

 This is an FLSA case that is set for trial on August 25, 2008 (DE # 52). The discovery deadline in this case expired on July 8, 2007, and the trial was set for the two-week period beginning November 26, 2007 (DE # 7). The trial was delayed, however, because, after the close of discovery, Defendants moved to dismiss the lawsuit for lack of jurisdiction (DE ## 18-19). The District Court granted that motion and dismissed the case in an Order that was ultimately vacated by the Eleventh Circuit Court of Appeals (DE ## 28, 46). On remand, neither party requested to reopen discovery. In fact, in a Joint Scheduling Report filed on May 27, 2008, Plaintiff specifically stated that she "believes no further discovery is necessary" (DE # 41 at 2).

 In a letter dated July 15, 2008, Defendants' counsel notified Plaintiff that three of

1

their trial witnesses, Claudia Corea, Suyapa Reyes and Martha Amaya, had recently moved and provided Plaintiff their updated addresses (DE # 57 at 4).[1]  On July 16, 2008 – over a year after the expiration of the discovery deadline and approximately two months after Plaintiff expressed her belief that "no further discovery is necessary" – Plaintiff's counsel responded to the letter by email, demanding that the three witnesses appear for deposition (DE # 55).  Due to a computer malfunction resulting from Defendants' counsel's transition to a new email address, he did not receive or reply to this email.  Nor did Defendants' counsel receive or reply to a follow-up email sent by Plaintiff's counsel on July 23, 2008 (DE # 57 at 5).[2]

      Plaintiff's counsel did not attempt to contact Defendants at any other time or by any other means other than the emails that were sent on July 16 and 23, 2008 (DE # 57 at 5).  On August 12, 2008, when Defendants' counsel finally realized that he had not been receiving emails, he sent Plaintiff's counsel another letter in an attempt to make the witnesses available for deposition; and has tried to contact him numerous times since (DE # 57 at ¶ 5; and Ex. B).  Plaintiff's counsel has stated that he is in trial on one of the dates suggested by Defendants' counsel and that there is not sufficient time to coordinate the depositions prior to the August 25, 2008 trial date (DE # 58).  Plaintiff filed the instant motion, contending that these material witnesses should be precluded from testifying at trial because she has not had a sufficient opportunity to depose them.

---

[1] The undersigned also notes that the three witnesses in question were listed on Defendant's witness list for trial, which was filed on September 5, 2007 as part of the Joint Pretrial Stipulation (Ex. 4 to DE # 25).

[2] The same computer malfunction also prevented Defendants' counsel from receiving notice of the electronic filing of the instant motion, resulting in the untimely filing of Defendants' Response.  Defendants have not argued that the Court should refuse to consider the untimely Response in ruling on this motion.

## II.     ANALYSIS

Plaintiff has failed to provide any legal or factual basis for the relief she seeks.[3]

At the outset, the undersigned notes that there is nothing in the record, aside from the insinuations of Plaintiff's counsel, that these witnesses' addresses were incorrect or that Defendants failed to update the witnesses' addresses in a timely manner.  Clearly, the fact that Defendants' witnesses have changed addresses between the time the Complaint was filed and the time of trial does not, in itself, support Plaintiff's request to preclude those witnesses from testifying at trial.

Moreover, the facts support the intertwined findings that Defendants acted in good faith; that Plaintiff did not suffer any prejudice; and that Plaintiff failed to mitigate any hardship that she may have incurred.

The record reflects that Defendants' failure to respond to the July 16 and 23, 2008 emails was the result of a computer error, rather than the result of a bad faith attempt to avoid producing the witnesses for deposition.  This finding of good faith is also supported by the fact that Defendants are still willing to permit the depositions to take place, even though the discovery deadline expired over a year ago and Plaintiff stated two months ago that no further discovery was necessary.

The record contains no indication that Plaintiff was unable to contact these witnesses during the discovery period.  Therefore, Plaintiff's recent inability to schedule out-of-time depositions does not constitute prejudice.  Even assuming that Plaintiff was unable to contact these witnesses during the discovery period, her silence on this issue

---

[3] The undersigned notes that this motion resembles a motion for sanctions for discovery misconduct.  Fed. R. Civ. P. 37.  Plaintiff's arguments are equally lacking in merit under the standards applicable to such motions.

for more than a year would bar her instant request for sanctions.

Finally, not only was Plaintiff remiss in failing to conduct these depositions during the discovery period, she has also been lax in her efforts to depose the witnesses after receiving their new contact information on July 15, 2008.  Plaintiff's counsel sent only two emails to Defendant's counsel, one week apart, and did not attempt to contact Defendants' counsel by mail, by telephone or by any other means whatsoever.  The undersigned also notes that Defendants have attempted to contact Plaintiff's counsel numerous times for the purpose of arranging the depositions (DE # 57 at 5).  Even though Plaintiff's counsel has a scheduling conflict on August 15, 2008, the day that Defendants initially suggested, Plaintiff has not offered any reason why the four proposed alternative dates are unacceptable (DE # 58).  Nor is there any indication that Defendants have suggested available dates of their own.

The undersigned finally notes that Plaintiff's Reply creates the false impression that Defendants have been obstinate in proposing alternative dates for deposition by claiming that Defendants' counsel made only one *recorded* effort to find a convenient date (i.e., the August 12, 2008 correspondence).  However, Plaintiff does not refute Defendants' assertion that their counsel has called Plaintiff's counsel by telephone on several occasions in an attempt to accommodate Plaintiff's desire to depose the witnesses.  There is simply no reason why Plaintiff should ignore subsequent efforts by Defendants to reach an agreement concerning these depositions simply because they occurred via telephone call or other "unrecorded" means.  The conclusory assertion by Plaintiff's counsel that the thirteen days preceding trial was not a "reasonable opportunity for calendar coordination" for the purposes of scheduling any necessary depositions is unsupported by fact and rings hollow in light of the record as a whole.

Therefore, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Witnesses (DE # 55) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on August 18, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
All counsel of record