UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20150-CIV-SIMONTON
**CONSENT CASE**

SUYAPA TURCIOS,

    Plaintiff,

v.

DELICIAS HISPANAS CORP., et al.,

    Defendants.
_____/

**ORDER GRANTING, BY DEFAULT,
PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

Presently pending before the Court is Plaintiff's Motion for Final Default Judgment (DE # 77). The deadline to file a response expired on March 6, 2009 and none has been filed to date. This case is referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 48). Following a careful review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.

    I.    **BACKGROUND**

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* According to the allegations in the Complaint, between June 29, 2006 and December 25, 2006, Plaintiff Suyapa Turcios worked as a cook and dishwasher for Defendants, Delicias Hispanas Corp. and Patricia Ortega. Plaintiff claimed that she worked an average of 100 hours per week and was paid an average of $7.00 per hour, but that she was not paid overtime wages as required by law. Plaintiff sought unpaid overtime compensation, minimum wages, liquidated damages and attorneys' fees (DE # 1).

On October 25, 2007, the District Court granted Defendant's Motion to Dismiss for

Lack of Subject Matter Jurisdiction, finding, among other things, that Plaintiff failed to establish enterprise coverage based on Defendants' receipt of over $500,000 in revenue for the relevant period (DE # 28).  On June 4, 2008, however, the Eleventh Circuit Court of Appeals vacated that Order and remanded the case, holding that the District Court should have used the Rule 56 summary judgment standard, rather than the Rule 12(b)(1) standard, because the jurisdictional aspects of the claim were intertwined with the substantive merits of Plaintiff's cause of action (DE # 46).

Following remand, Defendants' counsel withdrew from the case; and, the Court ultimately granted Plaintiff's Motion for Default Judgment as to liability when Defendants ceased participating in the case and neglected to comply with the Orders of this Court, including the requirement that Defendants obtain new counsel (or, in the case of the individual defendant, file a notice of intent to proceed *pro se*) (DE # 74).

On January 8, 2009, Plaintiff filed the instant motion for final default judgment.  In connection with its motion, Plaintiff filed an affidavit stating that she is entitled to $10,500 in unpaid overtime wages under the FLSA (DE # 77 & Ex. 1).  In addition, Plaintiff seeks reimbursement for attorneys' fees ($28,639.88) and costs ($1,153.00) totaling $29,792.88 (DE # 77).[1]  Defendants have failed to respond within the time provided.

    II.    **LEGAL FRAMEWORK FOR ANALYSIS**

    A.    **Damages**

A default judgment as to liability is not final until the amount of damages is determined.  With regard to the measure of damages, the allegations contained in the

---

[1] The undersigned specifically required Plaintiff to comply with Federal Rule of Civil Procedure 55(b)(2) by serving Defendants with a copy of the instant motion, because it initially appeared that this was not done (DE ## 78, 80).

complaint are not considered admissions by virtue of the default; "[r]ather, the Court determines the amount and character of damages to be awarded." *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1343, 1346 (M.D. Fla. 2008)).  The prevailing plaintiff bears the burden of proving the amount of damages, which may be established either by submitting "sufficient evidence . . . to support the request for damages," or, if the documentary evidence is not sufficient, via a hearing on damages.  *Id.*  Thus, "[i]t must be clear from the record either that a hearing was held or that the trial court utilized . . . 'mathematical calculations' and 'detailed affidavits'" to ascertain the appropriate measure of damages.  *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

      B.    <u>Attorneys' Fees and Costs</u>

It is well settled that the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff, *see* 29 U.S.C. § 216(b); *Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008), including plaintiffs that prevail by virtue of a default.  *See Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008).  Courts in this Circuit apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended.  *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).  The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  In addition, the fee applicant must exercise "billing judgment" by excising hours from their application that are "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Finally, even in a default scenario, the Court must review the costs claimed by the prevailing plaintiff in order to ensure that they are authorized under the applicable statute and Federal Rules.  *See Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008) (refusing to tax costs of expert witnesses, *sua sponte*, to the prevailing plaintiff in an FLSA case).

    III.    <u>ANALYSIS</u>

In this case, Plaintiff filed an affidavit stating that:

> I worked for the Defendants as set forth in the Complaint, I have reviewed said Complaint and represent that such accurately sets forth the date, hours worked for Defendants and damages I am entitled to from the Defendants

(DE # 77, Ex. A).  Thus, based on the allegation that she worked for Defendants from June 29, 2006 to December 25, 2006 (DE # 1 at 2, ¶ 9), Plaintiff avers that her period of employment lasted 25 weeks (rounded down) (DE # 77, Ex. A); based on the allegation that she worked an average of 100 per week (DE # 1 at 3, ¶ 10), Plaintiff avers that she is entitled to 60 hours of overtime pay per week (DE # 77, Ex. A); based on the allegation that she earned her regular rate of $7.00 per hour for all of the overtime hours she worked (DE # 1 at 3, ¶ 11), Plaintiff avers that she is entitled to an additional $3.50 for each overtime hour worked (DE # 77, Ex. A); and, finally, based on her allegation that

Defendants willfully and intentionally violated the FLSA (DE # 1 at 3, ¶ 12), Plaintiff avers that she is entitled to liquidated damages in an amount equal to her unpaid overtime wages (DE # 77, Ex. A).

The undersigned concludes that Plaintiff's affidavit sets forth sufficient support to award the damages sought in the Complaint. In sum, Plaintiff has established that she was paid a regular rate of $7.00 per hour; that she worked 60 overtime hours per week for 25 weeks, a total of 1,500 overtime hours; that she was not paid time-and-a-half wages for any overtime hours; and, that she is therefore entitled to recover $3.50 for each of the 1,500 overtime hours she worked, for a total of $5,250. Finally, because Plaintiff has established that Defendants' breach of the FLSA was willful and intentional, she is entitled to double the amount of actual damages pursuant to the FLSA's liquidated damages provision, resulting in a total award of $10,500. *See* 29 U.S.C. § 216(b).

### B.  Attorneys' Fees

Plaintiff is entitled to an award of attorneys' fees, although applying the lodestar analysis indicates that the fees sought are excessive and will therefore be reduced, as set forth in detail below. In sum, Plaintiff seeks $28,639.88 in attorneys' fees, but after making the appropriate reductions, the undersigned concludes that a reasonable attorneys' fee award in this case is $25,286.25.

#### 1.  Reasonable Hourly Rates for Mr. Feld and Ms. Klein

Based upon a review of the record of this case and other, similar cases, as well as the undersigned's familiarity with the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir.

1999), the undersigned concludes that the hourly rates for Daniel Feld, Esq. and Sara Klein, Esq. – who each billed $137.50 per hour – are reasonable.  *See, e.g., DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *6 (S.D. Fla. Jan. 6, 2009) (finding $137.50 hourly rate for Mr. Feld to be reasonable).

### 2. Reasonable Hourly Rates for Messrs. Kelly and Zidell

The hourly rates for David Kelly, Esq. and Jamie Zidell, Esq. – who each billed $330.00 per hour – are, however, unreasonably high.  The undersigned begins by noting that, earlier this year, another Magistrate Judge in this District found that a $300.00 hourly rate for Mr. Zidell was a reasonable rate, *id.*; and, in January 2008, the same Magistrate Judge found that a reasonable rate for Mr. Kelly was $250.00.  *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2008 WL 54401, at *4 (S.D. Fla. Jan. 2, 2008).

Although in 2008, a District Court decided to increase Mr. Zidell's hourly rate by 10% – to $330.00 per hour – the undersigned finds that this case is distinguishable.  *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008).  In *Silva*, the Court specifically found that it was warranted in awarding the "high-end of prevailing market rates for attorneys" with a similar degree of experience, *id.* at 1306 n.11, because the instant case was especially complex due to the lack of time records in the case, "which necessitated additional discovery," increasing "the time, labor and expense to Plaintiff's counsel," and because the increased fee was necessary to "account for the carrying cost incurred . . . and also to provide incentive for continued efficiency."  *Id.*  In this case, however, the lack of time records did not give rise to additional discovery or "carrying costs;" and the amount of time, labor and expense required to prosecute this case is accurately reflected in the number of hours billed by Plaintiff's counsel, which makes an inflated

6

hourly rate unnecessary. Therefore, the undersigned concludes that a reasonable hourly rate for Mr. Kelly and Mr. Zidell is $300.00 per hour.

### 3. Number of Hours Expended by Mr. Kelly

Plaintiff seeks to recover 0.4 hours of attorney time for Mr. Kelly to draft and file a reply in support of her motion to strike Defendants' witnesses on August 14, 2008 (DE # 58). The undersigned finds that 24 minutes of attorney time is excessive in light of the fact that this reply is slightly over one page, contains no caselaw and was filed two hours and five minutes after Defendants filed their response. The undersigned will therefore reduce the amount of time to 0.2 hours.

Similarly, the undersigned finds that 1.9 hours of attorney time for Mr. Kelly to draft and file a motion for default and a motion to compel depositions on November 20, 2008 is excessive (DE ## 70, 71). First, this entry impermissibly uses "block billing," which makes it impossible to determine how much time was spent on the motion for default and how much time was spent on the motion to compel. Nevertheless, each motion was approximately two pages, consisted almost entirely of a brief chronology of the case and contained no legal analysis. Thus, the undersigned will reduce the amount of time for these two tasks by one hour, to 0.9 hours.

In sum, Mr. Kelly sought $6,006.00 for 18.2 hours of work at $330 per hour. However, the undersigned concludes that a reasonable attorney fee for Mr. Kelly is $5,100, based on 17 hours of attorney time at $300 per hour.

### 2. Number of Hours Expended by Ms. Klein

The undersigned finds Ms. Klein's request for $825.00 in attorneys' fees to reflect 6 hours of attorney time at $137.50 per hour is reasonable.

### 2. Number of Hours Expended by Mr. Feld

The undersigned finds that 15 minutes for Mr. Feld to prepare the consent to magistrate jurisdiction form on June 4, 2008 is excessive and will therefore reduce the amount of time to 0.1 hours.  *See DiFrancesco v. Home Furniture Liquidators*, No. 06-21709-CIV, 2008 WL 54401, at *4 (S.D. Fla. 2008) (finding 12 minutes to be excessive).

In sum, Mr. Feld sought $1,711.88 for 12.45 of work at $137.00 per hour.  However, the undersigned finds that a reasonable attorney fee for Mr. Feld is $1,691.25 for 12.3 hours of attorney time at $137.50 per hour.

### 3. Number of Hours Expended by Mr. Zidell

The Court further finds that 1.0 hours for Mr. Zidell to draft a motion for a conditional award of attorneys' fees on May 20, 2008, which was denied by the Eleventh Circuit Court of Appeals as unnecessary, is excessive because the motion is slightly over one page long and contains no legal analysis (DE # 39).  Therefore, the amount of time will be reduced to 0.2 hours.

Moreover, Mr. Zidell seeks to be reimbursed for 1.5 hours of attorney time on May 20, 2008 to draft a motion and affidavit seeking to file a motion for bill of costs on appeal *nunc pro tunc*.  The undersigned notes that Plaintiff did not provide this Court with a copy of this motion and affidavit, which was not available on the Eleventh Circuit's electronic filing system.  Based upon the lack of documentation to support this request for fees, the undersigned will reduce the amount of time reasonably expended on this task to 0.3 hours.

In sum, Mr. Zidell requested $20,097.00 for 60.9 hours of work at $330 per hour.  However, the undersigned finds that a reasonable attorney fee for Mr. Zidell is $17,670.00 for 58.9 hours of attorney time at $300 per hour.

C.     Costs

Although Plaintiff claimed costs totaling $1,153.00, the undersigned concludes that Plaintiff is entitled to tax only $853.00 in costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  First, it is well established that it is appropriate to tax the cost of the filing fee ($350.00), as well as the service of process fees for two defendants ($90.00).  See James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 649 (S.D. Fla. 2007) (holding that private process server fees are compensable under section 1920(1), provided that their rates are less than or equal to the cost of service by the United States Marshal's Service).[2]

Moreover, Plaintiff is entitled to tax the cost of the fee for the transcript of Defendant Ortega's deposition ($253.00) because the record reflects that the deposition of the individual defendant was necessarily obtained for use in the case, see James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007); and, the cost of the fee for the interpreter ($160.00) is taxable as well.  See East Boston Ecumenical Comm. Council, Inc. v. Mastrorillo, 124 F.R.D. 14, 15 (D. Mass. 1989).

However, Plaintiff may not tax the cost of the mediation fee ($300.00).  See Van Voorhis v. Hillsborough Bd. of County Com'rs, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. Jul. 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation.  Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held

---

[2] The undersigned notes that the $90.00 cost of serving process on the two defendants in this case was equal to the rate charged by the USMS in 2007, which was $45 per hour for each item served, plus travel costs and any other out-of-pocket expenses.  See 28 C.F.R. § 0.114(a) (2007).  The current rate for service by the USMS is $55 per hour.

that they are not."); *Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912, at *5 (S.D. Fla. Jun. 18, 2007) (refusing to tax the cost of court-ordered mediation).  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment (DE # 77) is **GRANTED**.  A Final Judgment will be entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $36,639.25, which consists of the value of Plaintiff's actual damages ($5,250.00), liquidated damages ($5,250.00) and attorneys' fees ($25,286.25) and costs ($853.00).

**DONE AND ORDERED** in chambers in Miami, Florida on May 14, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**All counsel and** *pro se* **parties of record via CM/ECF**